

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

ROSA SERRANO,                         §                     No. 08-15-00290-CV

            Appellant,            §                   Appeal from the

v.                              §            County Court at Law No. 7

PELLICANO BUSINESS PARK LLC,    §             of El Paso County, Texas

            Appellee.             §               (TC# 2012-DCV06341)

§

## O RDER

On March 8, 2016, the Court entered an order requiring the trial court to conduct a hearing to determine the status of the reporter's record. The trial court conducted the hearing and the supplemental clerk's record containing the trial court's written findings of fact and conclusions of law has been filed. The reporter's record of the hearing has also been filed.

At the hearing, the trial court raised two issues *sua sponte*. First, the trial court questioned whether Appellant, Rosa Serrano, had timely filed her notice of appeal. It is the Court's practice to review every appeal at its inception to determine whether the appellant timely perfected the appeal. If a notice of appeal is not timely filed, the Court lacks jurisdiction. We reviewed the notice of appeal when it was filed in this case and concluded that it was timely filed.

1

Second, the trial court questioned whether Appellant is entitled to proceed as an indigent party on appeal. Appellant timely filed her notice of appeal and affidavit of indigence in the Eighth Court of Appeals on September 25, 2015. In accordance with TEX.R.APP.P. 20.1(d)(2), the Clerk of the Court sent the required notice to the trial court clerk, the court reporter, and the parties, informing them that any contest was due to be filed within ten days. No contest was filed. By rule, Appellant is entitled to proceed in this appeal without advance payment of costs. *See* TEX.R.APP.P. 20.1(f).

Turning to the other issue before the Court, we have determined, after reviewing the record of the hearing and the trial court's findings and conclusions, that the court reporter's notes have not been lost or destroyed. Consequently, Appellant is not entitled to a new trial under TEX.R.APP.P. 34.6. The former official court reporter is unable, however, to prepare and file the reporter's record due to a medical condition. It is therefore necessary for the trial court to appoint another court reporter to prepare and file the reporter's record. We direct the trial court to enter an order appointing a court reporter to prepare and file the reporter's record. This order should be entered on or before May 8, 2016. A supplemental clerk's record containing said order is due to be filed with this Court on or before May 11, 2016. On our own motion, we extend the due date for the reporter's record to August 1, 2016. NO REQUESTS FOR EXTENSION OF TIME TO FILE THE REPORTER'S RECORD WILL BE CONSIDERED BY THIS COURT.

IT IS SO ORDERED this 3rd day of May, 2016.

PER CURIAM

Before McClure, C.J., Rodriguez and Hughes, JJ.
(Hughes, J., not participating)